UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

MARK RAMNARAIN,

    Plaintiff,

v.

NOVA SOUTHEASTERN UNIVERSITY,
INC., a Florida Not-for-Profit corporation,

**Jury Trial Requested**

    Defendant.
_____/

## COMPLAINT

The plaintiff, MARK RAMNARAIN, by his undersigned attorney, makes the following complaint against the defendant, NOVA SOUTHEASTERN UNIVERSITY, INC.:

### Jurisdiction and Venue

1. This is an action to redress violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*. This court has jurisdiction of this action pursuant to 29 U.S.C. § 626(c), 29 U.S.C. § 794a, 29 U.S.C. § 2617, 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a).

2. The claims asserted in this action arose within this district and the alleged statutory violations occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. 216(b), 29 U.S.C. § 2617, and 28 U.S.C. § 1391.

### Parties

3. The plaintiff, Mark Ramnarain ("Ramnarain"), is an adult resident of the State of Florida.

4. The defendant, Nova Southeastern University, Inc. ("NSU"), is a not-for-profit corporation organized and doing business pursuant to the laws of the State of Florida with a principal place of business located in Fort Lauderdale, Broward County, Florida.

5. NSU is a private university and is a "program or activity that receives Federal financial assistance" as that term is defined in 29 U.S.C. § 794.

**General Facts**

6. Ramnarain was employed by NSU as an accountant from November 2016 until on or about January 14, 2019.

7. Ramnarain performed his work to the satisfaction of his employer.

8. Ramnarain began to experience severe abdominal pain in June 2018, for which he obtained treatment.

9. After his condition worsened, Ramnarain requested and was granted an FMLA leave in September 2018 to obtain treatment for a serious medical condition.

10. Ramnarain's medical condition was diagnosed as pancreatic cancer.

11. Ramnarain notified NSU that he was disabled prior to January 2019.

12. On or about January 10, 2019, Ramnarain asked NSU to accommodate his disability. Options he suggested included allowing him to work from home and to modify his work schedule.

13. NSU made no effort to accommodate Ramnarain's disability and instead demanded that he return to work no later than January 14, 2019.

14. NSU terminated Ramnarain's employment, effective on or about January 14, 2019.

**First Claim: Rehabilitation Act Violation (Failure to Accommodate)**

15. Ramnarain realleges and incorporates paragraphs 1 to 14 of this Complaint as if they were fully stated.

16. Ramnarain was qualified for the employment position for which he was hired by NSU and continued to be qualified for that position at all times relevant to this action.

17. At the time of his employment termination by NSU, Ramnarain had a disability (pancreatic cancer) as that term is used in 29 U.S.C. § 794, which incorporates 42 U.S.C. § 12102. Specifically, Ramnarain suffered from pancreatic cancer, a condition that substantially limits major life activities by impairing major bodily functions, including endocrine functions.

18. Ramnarain asked NSU for a reasonable accommodation of his disability by requesting authorization to work at home and a modification of his schedule while his condition was being treated.

19. NSU denied the requested accommodation out of hand without determining whether, under the circumstances, it would have imposed an undue hardship on NSU to grant the requested accommodation.

20. NSU failed to engage in an interactive process with Ramnarain to determine the availability of a reasonable accommodation as is required by 29 C.F.R. § 1630.2(o)(3).

21. Reasonable accommodations for Ramnarain's disability were available, including but not limited to allowing Ramnarain to work from home, modifying his work schedule, or extending Ramnarain's leave of absence for a reasonable time.

22. Ramnarain's disability could have been accommodated in a way that would have allowed him to perform his essential job duties without undue hardship to NSU.

23. NSU discriminated against Ramnarain in violation of the Rehabilitation Act by failing to accommodate his disability and by failing to engage in an interactive process to explore reasonable accommodations.

24. NSU's discriminatory conduct was intentional, wanton, and malicious.

25. As a direct, proximate, and substantial result of NSU's discriminatory failure to accommodate his disability, Ramnarain suffered and will continue to suffer economic losses, including lost wages and benefits, as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

**Second Claim: Rehabilitation Act Violation (Unlawful Termination)**

26. Ramnarain realleges and incorporates paragraphs 1 to 14 and 16 to 17 of this Complaint as if they were fully stated.

27. Ramnarain suffered an adverse employment action when NSU terminated his employment.

28. NSU discriminated against Ramnarain in violation of the Rehabilitation Act by terminating his employment because of his disability.

29. NSU's discriminatory conduct was intentional, wanton, and malicious.

30. As a direct, proximate, and substantial result of NSU's discrimination against Ramnarain because of his disability, Ramnarain suffered and will continue to suffer economic losses, including lost wages and benefits, as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

### Third Claim: Rehabilitation Act Violation (Retaliation)

31. Ramnarain realleges and incorporates paragraphs 1 to 14 and 16 to 18 of this Complaint as if they were fully stated.

32. Ramnarain engaged in an activity protected by the Rehabilitation Act when he requested an accommodation of his disability.

33. NSU terminated Ramnarain's employment because he engaged in the protected conduct described above.

34. NSU's retaliatory conduct was intentional, wanton, and malicious.

35. As a direct, proximate, and substantial result of the retaliatory termination of employment described above, Ramnarain suffered and will continue to suffer economic losses, including lost wages and benefits, as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

### Fourth Claim: FMLA Violation (Retaliation)

36. Ramnarain realleges and incorporates paragraphs 1 to 14 of this Complaint as if they were fully stated herein.

37. At all times relevant to this complaint, Ramnarain was an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2), in that Ramnarain had been employed by NSU for more than 12 months and for more than 1,250 hours of service within the 12 months prior to the date his employment was terminated.

38. At all times relevant to this complaint, NSU had more than 50 employees on each working day during each of 20 or more workweeks and was an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4).

39. Ramnarain was entitled to FMLA leave pursuant to 29 U.S.C. § 2612(a)(1)(D) to obtain treatment for the serious health condition described above.

40. Ramnarain gave timely notice of his need for a leave and was granted a leave as required by the FMLA.

41. Ramnarain engaged in activity protected by the FMLA by taking a leave for treatment of from his serious health condition.

42. NSU took an adverse employment action against Ramnarain by terminating Ramnarain's employment.

43. NSU terminated Ramnarain's employment because Ramnarain engaged in the protected activity of taking an FMLA leave, in violation of the FMLA, 29 U.S.C. § 2615(a).

44. NSU acted willfully when it violated the FMLA.

45. Pursuant to 29 U.S.C. § 2617(a), Ramnarain is entitled to recover his wages, salary, employment benefits, and other compensation lost to him by reason of the above-described FMLA violation, including interest, and an additional equal amount as liquidated damages, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

## **Demand for Relief**

WHEREFORE, Plaintiff requests judgment against Defendant as to each of the First, Second, and Third Claims (Rehabilitation Act violations) for:

    a.    lost wages, the value of lost benefits, and other monetary losses in amounts to be proved at trial;

    b.    interest;

    c.    compensatory damages;

    d.    punitive damages; and

    e.    reinstatement or an award of future wage loss and such other equitable or injunctive relief as the court deems just.

FURTHER, Plaintiff requests judgment against Defendant as to the Fourth Claim (FMLA violation) for:

f. lost wages, the value of lost benefits, and other monetary losses in amounts to be proved at trial;

g. interest;

h. liquidated damages equal to the sum of the monetary losses and the interest requested above; and

i. reinstatement or an award of future wage loss and such other equitable or injunctive relief as the court deems just.

AS ADDITIONAL AND FURTHER RELIEF as to all claims, Plaintiff requests judgment against Defendant for:

j. an award of reasonable attorney's fees and the costs of this action; and

k. such further relief as is just.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: October 17, 2019
Plantation, Florida

Respectfully submitted,

*/s/Robert S. Norell*
Robert S. Norell, Esq.
Fla. Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*